**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XIOMARA L. OVIEDO CERON; et al.,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-71475

Agency Nos.    A208-457-090
                       A208-457-091

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020**

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Xiomara L. Oviedo Ceron and her minor son, natives and citizens of El

Salvador, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and relief under the Convention

Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

We reject petitioners' contentions as to streamlining because the BIA did not streamline their case.

To the extent petitioners assert they are members of the class identified in *Rojas v. Johnson*, 305 F. Supp. 3d 1176 (W.D. Wash. 2018), the record indicates the agency made a determination as to the merits of their asylum application.

Substantial evidence supports the agency's determination that petitioners failed to establish that the harm they suffered or fear in El Salvador was or would be on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Oviedo Ceron failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (claims of possible torture speculative); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148,

1152 (9th Cir. 2010) (generalized evidence of violence and crime in petitioner's home country was insufficient to meet standard for CAT relief).

**PETITION FOR REVIEW DENIED.**